UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL HALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-30002-MGM |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| SPRINGFIELD MASSACHUSETTS | ) | |
| POLICE DEPARTMENT, | ) | |
| and DETECTIVE WADLEGGER | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANT SPRINGFIELD MASSACHUSETTS POLICE DEPARTMENT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND RULE 9(a)
(Docket No. 35)
February 12, 2015

ROBERTSON, U.S.M.J.

On January 7, 2013, Michael Hall ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983, asserting violations of his civil rights, against Defendants City of Springfield, Springfield Massachusetts Police Department, and Detective Wadlegger. Plaintiff's claims, namely police brutality and cruel and unusual punishment, arise out of his arrest on January 7, 2011 for possession of a class B substance with intent to distribute. Plaintiff is self-represented.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(a)(2), Defendant Springfield Massachusetts Police Department ("Defendant") has filed a motion to dismiss on the basis that it is not a separate legal entity distinct from the City of Springfield, a named defendant. Plaintiff has not filed an opposition. Defendant's motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court will recommend that Defendant's motion be granted.

For purposes of a section 1983 claim, a city police department is not "a suable entity."

*Henschel v. Worcester Police Dept.*, 445 F.2d 624, 624 (1st Cir. 1971).

Indeed, "[i]f a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city. . . ." *Id*. Thus, as Defendant correctly argues, the Springfield Massachusetts Police Department (or City of Springfield Police Department) is not an entity separate from the City of Springfield for purposes of this lawsuit. *See, e.g.*, *id*; *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991). Accordingly, it is this court's recommendation that because the Springfield Massachusetts Police Department is not a proper party defendant and, in addition, because Plaintiff has not filed an opposition to the instant motion within the appropriate time limitations, Defendant's Motion to Dismiss should be allowed.

## CONCLUSION

For the reasons stated, this court RECOMMENDS that the Defendant Springfield Massachusetts Police Department's Motion to Dismiss be ALLOWED with prejudice.[1]

DATED: February 12, 2015  /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.